IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK ALLEN MCCONAUGHY,

    **Plaintiff,**

    vs.

EMILY TAYLOR,

    **Defendant.**

Case No. 2:21-cv-3926

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names Emily Taylor as the sole defendant. (ECF No. 1-1, at 1.) Plaintiff's Complaint restated here verbatim alleges, in its entirety, as follows:

> Emily Taylor, acting under color of law did knowingly, intentionally and with malice deny my person of welfare benefits in violation of the 1970 U.S. Supreme Court ruling of Goldberg v. Kelly 397 US 254 which demands due process to satisfy ones 14th Ammendment rights under the U.S. Constitution. Before denial or

3

> termination of said benefits may be exercised.  To reinforce the seriousness of this motion, the defendants behavior is also a violation of Title 18 USC Section 242 which is a criminal offense and may be investigated by the F.B.I.  Emily Taylor electronically transferred my benefits onto a card that she knew was destroyed 4 years previously.  I have proof of this fact!  I also have proof of personal animosity towards me by Emily Taylor.  I thus requested a state hearing seeking only $350.00 but was unjustly denied.  I then filed a small claim in the Belmont County Ohio Courthouse Western Division before Judge Costine Case Number 21SCI00010W where Emily Taylor, Jeff Felton (her supervisor) and her attorney David C. Moser (00090834)  committed defamation of my person with "the trial brief of Emily Taylor."  Judge Costine allowed this in his courtroom!  I was yet again unjustly denied.  I then filed paper for a appeal at the 7th Circuit Court of Appeals in Youngstown, Ohio but "strings" are being pulled yet again!  I therefor wish to file this motion and stop asking but $350.00

(*Id*. at 3.)

Plaintiff states that he brings this action pursuant to 28 U.S.C. § 1331 and seeks "$1,000,000.00 in damages."  (*Id*. at 2, 4.)

The Complaint filed in this case fails to state a claim and is subject to summary dismissal.  To state a procedural due process claim, Plaintiff must establish three elements: (1) that he has a property interest protected by the Due Process Clause; (2) that he was deprived of this property interest; and (3) that the state did not afford him adequate pre-deprivation procedural rights.  *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 900 (6th Cir. 2019) (citing *Chandler v. Vill. of Chagrin Falls*, 296 F. App'x 463, 468 (6th Cir. 2008)).  Here, Plaintiff offers only his legal conclusion that he was deprived of due process in connection with the alleged denial of welfare benefits in the amount of $350.00.  This statement, however, is unaccompanied by any relevant supporting facts.  Such "bare bones" and conclusory assertions regarding the alleged deprivation of his welfare benefits do not suffice to state a cognizable constitutional claim.  *Coker v. Summit Cty. Sheriff's Dep't,* 90 F. App'x 782, 787 (6th Cir. 2003); *see also Baker v. DeWine*, No. 2:18-CV-1270, 2019 WL 1934438, at *4 (S.D. Ohio May 1, 2019), *appeal dismissed,* No. 19-3530, 2019 WL 6492395 (6th Cir. Sept. 10, 2019) ("A plaintiff fails to state an adequate claim when

his allegations are premised upon mere conclusions and opinions."); *Parker v. Beard*, No. CV 0:20-144-WOB, 2021 WL 1820644, at *2 (E.D. Ky. May 6, 2021) ("A conclusory claim that Defendants violated [Plaintiff's] constitutional rights, with no factual allegations supporting such a claim, is insufficient to state a claim for relief.") This is especially so here where certain other allegations in the Complaint suggest that he was not denied benefits but that his benefits were transferred to a card that he describes as having been destroyed. Further, to the extent that Plaintiff may be alleging a violation of 18 U.S.C. § 242, that is a criminal statute and Plaintiff has no private right of action thereunder. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).

For all of these reasons, it is **RECOMMENDED** that the Court dismiss all claims against Emily Taylor.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

5

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  August 2, 2021                        /s/ *Elizabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE